UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GREAT ROCK GOLF 2006, LLC, JBGR, LLC,
ELLIOT WR GOLF, LLC, INSURENEWYORK
AGENCY LLC, HURNEY WR GOLF, LLC,
DEMPSEY WR GOLF, LLC and WALSH WR
GOLF, LLC,

       Plaintiffs,

  -against-

TOWN OF RIVERHEAD and TOWN OF
RIVERHEAD PLANNING BOARD,

       Defendants.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT EDNY

★ JUN 09 2014 ★

LONG ISLAND OFFICE

**ORDER**
12-cv-3585(SJF)(WDW)

FEUERSTEIN, United States District Judge:

On July 19, 2012, plaintiffs Great Rock Golf 2006, LLC, JBGR, LLC, Elliot WR Golf, LLC, Insurenewyork Agency LLC, Hurney WR Golf, LLC, Dempsey WR Golf, LLC and Walsh WR Golf, LLC (collectively, "plaintiffs") commenced this action pursuant to, *inter alia*, 42 U.S.C. § 1983 ("Section 1983") against defendants Town of Riverhead and the Town of Riverhead Planning Board" (collectively, "the Town" or "defendants").

During a pretrial conference before me on May 7, 2014, at which John Bonlarren, who represented that he was a principal of one or more of the plaintiffs, was present: (1) the application of John L. Ciarelli, Esq., to withdraw as counsel for plaintiffs was granted upon Mr. Bonlarren's consent; and (2) Mr. Bonlarren was advised that plaintiffs must retain new counsel to represent them in this action, who shall file a notice of appearance on behalf of plaintiffs prior to the next pretrial conference scheduled for June 5, 2014 at 11:15 a.m., or the case would be dismissed.

1

No attorney filed a notice of appearance on behalf of plaintiffs prior to the June 5, 2014 pretrial conference and nobody appeared on behalf of plaintiffs at the conference on June 5, 2014. Since limited liability companies, such as plaintiffs, "may appear in federal court only through a licensed attorney[,]" Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007); see also Berrios v. New York City Housing Authority, 564 F.3d 130, 132 (2d Cir. 2009) ("[A] layperson may not represent * * * a limited liability company of which he is the sole member * * *."), and plaintiffs have failed to comply with my May 7, 2014 order directing them to retain new counsel to represent them in this action, this action is *sua sponte* dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (holding that Rule 41(b) explicitly sanctions dismissal of an action for failure to prosecute); U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 250 (2d Cir. 2004) (holding that a district judge's authority to dismiss an action based upon a plaintiff's failure to prosecute is expressly recognized by Rule 41(b)).

During the June 5, 2014 conference, at which plaintiffs failed to appear, I granted defense counsel's request for leave to serve and file a motion for attorney's fees and/or expert fees pursuant to 42 U.S.C. § 1988 ("Section 1988 motion") within fourteen (14) days after the dismissal of this action. The two (2) circuit courts that have addressed the issue of whether defendants are "prevailing parties" for purposes of a Section 1988 motion when an action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure both held that they are because the dismissal is with prejudice, i.e., it "operates as an adjudication on the merits," Fed. R. Civ. P. 41(b), "[u]nless the dismissal order states otherwise[.]" Id.; see Morris v. Kesselring, 514 Fed. Appx. 233, 236-37 (3rd Cir. Feb. 20, 2013) (unpublished opinion) ("Because a dismissal

pursuant to Rule 41(b) 'operates as an adjudication on the merits,' Fed. R. Civ. P. 41(b), [defendants] are prevailing parties."); Szabo Food Service, Inc. v. Canteen Corp., 823 F.2d 1073, 1076-77 (7th Cir. 1987) ("A dismissal [without prejudice] under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say that he had 'prevailed'.") However, the dismissal of this action is without prejudice, which "does not decide the case on the merits," Szabo, 823 F.2d at 1076, and affords plaintiffs the opportunity to commence a new action against defendants upon the same claims once they retain new counsel or in a different court. Since defendants "remain[] at risk," id., on plaintiffs' claims against them, they are not "prevailing parties" for purposes of Section 1988. Accordingly, upon reconsideration, defense counsel's application for leave to file a Section 1988 motion is denied.

The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon all parties as provided by Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: June 9, 2014
       Central Islip, New York